

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TOMAS ALVARADO,<br><br>Defendant/Movant. | Cause No. CR 13-26-BLG-SPW<br>CV 17-62-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Tomas Alvarado's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Alvarado is a federal prisoner proceeding pro se.

**Background**

Alvarado pled guilty to one count of conspiring to possess at least 500 grams of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). On October 21, 2013, Alvarado was sentenced to serve 360 months in prison, to be followed by a five-year term of supervised release. Judgment (Doc. 133) at 1-3. Alvarado appealed, but the appeal was dismissed as waived by the plea agreement. *See* Mem. (Doc. 157) at 2.

In April 2015, Alvarado filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing

1

Guidelines. The motion was denied. Alvarado again appealed, but the appellate court affirmed denial of the motion. *See* Mot. § 3582 (Doc. 167) at 1-2; Am. Judgment (Doc. 177) at 1; Statement of Reasons (Doc. 178) at 1; Mem. (Doc. 213) at 2.

**Rule 4 Review**

A § 2255 motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).

Alvarado filed his motion under 28 U.S.C. § 2255 on May 9, 2017. The motion is likely untimely, *see* 28 U.S.C. § 2255(f), but there is no need to give Alvarado an opportunity to respond on that basis, *see Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). Viewing his allegations in light of the existing record of the case, he is not entitled to relief on the merits.

**Recusal**

In his motion under 28 U.S.C. § 2255, Alvarado alleges that Judge Haddon

2

should have recused himself or defense counsel should have filed a motion for recusal. *See* Mot. § 2255 (Doc. 255) at 4 ¶¶ 5A, 5B.[1] Alvarado claims the Judge made remarks at his sentencing hearing to the effect that "he would give the maximum sentence to anyone who association [sic] with methamphetamine because of something that happen[ed] to his family member nearly a decade earlier." Mot. § 2255 (Doc. 255) at 13. The transcript shows that Judge Haddon did not say anything like that. As for "the comments the Judge made when ruling" in Alvarado's case, *see id.*, they did not demonstrate the kind of bias or prejudice that would have required or even supported recusal. *See* Sentencing Tr. (Doc. 140), *passim*; *see also* Change of Plea Tr. (Doc. 144), *passim*.

Alvarado's motion points to only one potential factual basis for Judge Haddon's recusal: "threats against the sen[t]encing judge," although Alvarado says he "never made" them. *See* Mot. § 2255 (Doc. 255) at 9. Threatening a judge does not necessarily require the judge's recusal, but a threat might support recusal. *See, e.g., United States v. Spangle*, 626 F.3d 488, 495-97 (9th Cir. 2010); *United States v. Holland*, 519 F.3d 909, 914-15 (9th Cir. 2008); *see also* Mot. § 2255 at 9 (alleging that counsel said the judge "had to remove himself" due to "a conflic[t] of in[t]erest"); *see also* U.S. Resp. to § 3582 Mot. (Doc. 171) (under seal); Br. in Supp. of § 3582 Mot. (Doc. 174) (under seal).

---

[1] Alvarado's § 2255 motion also states, "The appellate court vacated the sentence and remanded for resentence." Mot. § 2255 at 6 ¶ 5C. This is not correct.

3

But there was no evidence that Alvarado took any steps against Judge Haddon until shortly after Alvarado's sentencing, in October or November 2013, when a witness gave a statement. *See, e.g.*, U.S. Resp. to § 3582 Mot. (Doc. 171) (under seal); Br. in Supp. of § 3582 Mot. (Doc. 174) (under seal). The § 3582 motion was filed in April 2015, well after sentencing, but Judge Haddon did not preside. The case had been reassigned in January 2014 for administrative reasons. *See* Order (Doc. 151).

Alvarado does not identify any basis on which Judge Haddon should have recused himself. Nor does he identify any basis that should have prompted counsel to file a motion to recuse.

**Five- to Six-Year Sentence**

Implicitly, Alvarado's § 2255 motion alleges he had some entitlement to a sentence substantially lower than 360 months. He contends that, on August 26, 2013, his attorney and the probation officer "came to Shelby prison to give me my pre-sentencing review and he was *recommending* five to six years." Mot. § 2255 at 9 (emphasis added). It is not clear who "he" is, but, regardless, Alvarado's guilty plea triggered a statutory mandatory minimum sentence of ten years. *See* Plea Agreement (Doc. 56) at 2 ¶ 2. A sentence of five to six years was possible only if the sentencing court found the mandatory minimum sentence was the appropriate sentence, the United States filed a motion to reduce that sentence by

4

half, *see* U.S.S.G. § 5K1.1; 18 U.S.C. § 3553(e), and the sentencing court chose to follow the United States' recommendation. No other recommendation could have resulted in a five to six year sentence.[2]

Moreover, Alvarado does not allege he believed this recommendation, whoever made it, would probably determine the sentence. In fact, the record shows he knew there were no guarantees. At the time of his guilty plea, Alvarado knew there was a ten-year mandatory minimum and that the maximum available sentence was life in prison. *See* Change of Plea Tr. (Doc. 144) at 14:2-11. He knew he would not be entitled to withdraw his guilty plea if he was sentenced to something he did not expect. *See id.* at 7:18-8:12, 27:1-10. And he stated that no one had made any promises or offered any inducement or "side deal," other than the matters expressed in the plea agreement, to persuade him to plead guilty. *See id.* at 23:2-24:3. All that being true, even assuming that someone made a five- to six-year recommendation, that recommendation did not create an entitlement to a five- to six-year sentence.

Most fundamentally, Alvarado does not seek to withdraw his guilty plea and go to trial. He seeks only a lesser sentence. *See* Mot. § 2255 at 5 ¶ 6. Since he stated at the change of plea hearing that no one promised him a particular sentence,

---

[2] The presentence interview is generally the time when defense counsel and the probation officer meet with the defendant. *See* Fed. R. Crim. P. 32(c)(2). Defense counsel's time sheets for the case show that the presentence interview occurred at Shelby on August 23, 2013. At the time of the interview, no one makes a recommendation of any significance.

5

and since he does not now say he would not have pled guilty but for a misguided belief that his sentence would be "five to six years," *see, e.g., Hill v. Lockhart*, 474 U.S. at 52, 59-60 (1985), Alvarado's allegation about this much shorter sentence provides no support for further proceedings under § 2255.

**Conclusion**

Alvarado's § 2255 motion does not identify any fact or circumstance that could entitle him to a lesser sentence than the one he received. Nor does it suggest any potential factual support for vacating the judgment so that the sentence may be reconsidered. The Court has considered whether Alvarado should be permitted to amend his motion, whether counsel should be appointed, and whether the record of the case should be further developed. But these steps are not necessary because Alvarado's motion does not "state facts showing a real possibility of constitutional error." *Nicolaus*, 98 F.3d at 1109.

**Certificate of Appealability**

A certificate of appealability is not warranted. Alvarado's motion does not make a showing of any substance that he was deprived of a constitutional right. Reasonable jurists would find no basis to encourage further proceedings. *See* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Alvarado's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 255) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Alvarado files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-62-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Alvarado.

DATED this 16th day of May, 2017.

Susan P. Watters
United States District Court