

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

AUG 1 3 2020

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TOMAS ALVARADO,<br><br>Defendant/Movant. | Cause No. CR 13-026-BLG-SPW<br>CV 20-100-BLG-SPW<br><br><br>ORDER DISMISSING § 2255<br>MOTION AND DENYING<br>CERTIFICATE OF<br>APPEALABILITY |

On July 7, 2020, Defendant Alvarado moved to "address" the Court. Alvarado is a federal prisoner proceeding pro se.[1]

Alvarado states that he "just found out three years ago that the arrest warrant that the Idaho State Troopers use[d] to pull me over was never sign[ed] by a[n] Idaho Judge." Mot. § 2255 (Doc. 290) at 1. He argues that this defect deprived the Court of jurisdiction, which, he asserts, may be raised at any time. He also states that he attempted to file a petition for writ of habeas corpus in the District of Oregon, where he is incarcerated, but the Judge told him to file in this Court. *See id.* at 2.

Alvarado is challenging the validity of his conviction and sentence. He does

---

[1] Represented by counsel, Alvarado has separately filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).

1

not assert he is actually innocent.  His motion is governed by 28 U.S.C. § 2255.

The Court is required to give a *pro se* litigant notice and an opportunity to respond

before it recharacterizes a motion as a *first* motion under § 2255.  *See Castro v.*

*United States*, 540 U.S. 375, 377 (2003).  This requirement does not apply to a

second or successive motion.

Alvarado filed a § 2255 motion on May 12, 2017 (Doc. 255).  The motion

and a certificate of appealability were denied in the District Court on May 16, 2017

(Doc. 258), and Alvarado did not appeal.  The current motion is properly

recharacterized as a second motion under 28 U.S.C. § 2255.

Although Alvarado asserts he "just found out" about the fact he wants to

present as a claim for relief, the fact existed at the time of his arrest.  His

opportunity to present a claim based on it arose with his first § 2255 motion,

regardless of whether he knew about it.  *See, e.g., United States v. Buenrostro*, 638

F.3d 720, 721–26 (9th Cir. 2011) (per curiam).

The Court of Appeals has not authorized Alvarado to file a second § 2255

motion in this Court, *see* 28 U.S.C. §§ 2255(h), 2244(c), so the motion must be

dismissed for lack of jurisdiction, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per

curiam).

A certificate of appealability is denied because the case is clearly controlled

by *Buenrostro* and *Burton*.  *See Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)

2

(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS ORDERED:

1. Alvarado's motion is RECHARACTERIZED as a second motion under 28 U.S.C. § 2255.

2. So recharacterized, the motion (Doc. 290) is DISMISSED for lack of jurisdiction.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Alvarado files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 20-100-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this _13th_ day of August, 2020.

Susan P. Watters
United States District Court

3