IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13–26–BLG–SPW–02 |
| Plaintiff, | |
| vs. | ORDER |
| TOMAS ALVARADO, | |
| Defendant. | |

On January 10, 2023, Defendant Tomas Alvarado filed a motion to reduce his 360-month drug sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 334; *see* Doc. 133 (Judg.).) His projected release date from Bureau of Prisons' ("BOP") custody is November 12, 2037. See Inmate Locator, http://www.bop.gov/inmateloc (accessed June 1, 2023). On January 10, 2023, counsel was appointed to represent Alvarado. (Doc. 335.) Appointed counsel filed a supplemental brief on April 12, 2023. (Doc. 340.) The government opposes. (Doc. 345.) For the reasons stated below, Alvarado's motion is denied.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the BOP and

1

the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Because the Sentencing Guidelines have not been updated since the First Step Act was passed, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Alvarado argues that his ailing health, coupled with his age, provides an extraordinary and compelling circumstance that warrants his early release. Ultimately, while Alvarado is correct, he fails to show release is warranted under the § 3553(a) factors. Accordingly, his motion is denied.

I.  **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, Alvarado filed a request for relief with the warden at his facility on May 14, 2020. (*See* Doc. 340-1.) The warden has yet to respond. In the meantime, this Court has denied two motions for compassionate release. (*See* Docs. 295, 329.) Although Alvarado did not separately request compassionate release from the warden at his facility prior to filing the instant motion, Alvarado's counsel did so on his behalf on April 12, 2023, (*see* Doc. 340 at 3), after Alvarado filed the motion. Alvarado argues that collectively, these requests satisfy his requirement to exhaust his possible administrative remedies. The government does not address exhaustion. Although Alvarado's counsel has requested compassionate release with the warden of his facility, he did not do so before filing this motion. Nonetheless, because the warden of his facility has yet to respond to any of his requests for relief, his motion will be considered on the merits.

## II.    Extraordinary and Compelling Reasons

Alvarado argues that his age, along with his poor and deteriorating health, constitutes an extraordinary and compelling reason to warrant his early release. While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission's nonbinding policy statements provide informative and illustrative examples of such reasons. *See* USSG §1B1.13(1) app. n. (1). One such example includes the age and health of the defendant. *Id.* at app. n. (1)(B). In

3

that example, an extraordinary and compelling reason may exist if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* Here, Alvarado is 68 years old, (*see* PSR at 2), and has been in federal custody since March 2013, (*see* Doc. 25). Thus, because he is over 65 and has served at least 10 years, he has satisfied the first and third requirements of this test.

Alvarado is also experiencing serious deterioration in physical health due to the aging process. Since his three motions for compassionate release were denied, serious heart health issues have developed for Alvarado. (*See* Doc. 341 at 2.) On March 27, 2023, Alvarado underwent a heart catheterization, which led to a diagnosis of severe aortic valve stenosis. (*Id.* at 7.) Although Alvarado will likely need heart surgery at some point, immediate or urgent surgery is not needed. (*Id.* at 8.) His other health issues including diabetes, for which he takes medications, (Doc. 342 at 127), chronic left knee pain, (*see id.* at 11, 18, 21, 22, 80, 87, 95, 116), and high cholesterol and high blood pressure, (*id.* at 128). Although his medical records do not specifically attribute these issues to his age, they are worsening as he grows older. Thus, Alvarado's age and health, along with his time served, constitutes an extraordinary and compelling reason for early release.

### III.    Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Alvarado argues that despite his high criminal history category and the nature of the instant offense, his previous offenses were non-violent, and he is also at a low risk of violence and recidivism on account of his age. The government disagrees and counters that the circumstances have not changed since this Court denied his two previous motions for compassionate release on § 3553(a) grounds. The government has the better argument.

The instant offense involves the trafficking of large quantities of dangerous drugs. (*See* PSR ¶¶ 8–28.) At sentencing, his total offense level was found to be

5

37, and with a criminal history category of VI, his applicable guideline range was calculated to be 360 months to life. (*See* Doc. 140 at 6.) Alvarado received a sentence of 360 months with five years of supervised release. (*See* Doc. 133 at 2–3.) He has served roughly one third of that sentence. His counsel avers that Alvarado "is in a very different situation than" when he was sentenced, that "he has been humbled" by incarceration, (Doc. 340 at 12), and that he has taken advantage of educational opportunities while incarcerated, (*see* Doc. 340-2). Even taking this as true, Alvarado's offensive conduct still shows a distinct lack of respect for the law and his criminal history reflects a long history of criminal conduct. (*See* PSR ¶¶ 45–50.)

Ultimately, having reviewed Alvarado's case again, the Court reaches the same conclusion it reached in 2020 and in 2021. In the November 8, 2021 Order denying a previous motion for compassionate release, the Court found that releasing Alvarado "would make his sentence disproportionate to the nature and circumstances of the offenses, denigrate its seriousness, fail to promote respect for the law, fail to protect the public from Alvarado's predation, and create unwarranted disparity with people who are guilty of similar offenses." (Doc. 329 at 5 (citing § 3553(f)(2)).) Alvarado has not met his burden of demonstrating why a different conclusion should be reached here.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 334, 340) is DENIED.

DATED this 2nd day of June, 2023.

Susan P. Watters, District Judge
United States District Court