IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TOMAS ALVARADO, <br><br> Defendant. | CR 13–26–BLG–SPW–02 <br><br> ORDER |

On September 14, 2023, Defendant Tomas Alvarado filed a motion to reduce his 360-month federal drug sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 348; *see* Doc. 133 (Judg.).) Alvarado filed a second, substantively identical, motion on November 1, 2023. (Doc. 349.) His projected release date is November 12, 2037. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Dec. 15, 2023). Counsel has not been appointed to represent the defendant. The government opposes. (Doc. 350.) For the reasons stated below, the defendant's motion is denied.

### ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy

1

statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.  Here, the defendant argues his heart condition is an extraordinary and compelling reason warranting a sentence reduction.  Ultimately, he is correct, as he is at serious risk of deterioration of health or death, however, taking into account the § 3553(a) factors, more information is needed to warrant compassionate release.

I.      **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Here, Alvarado filed requests for relief with the warden at his facility on July 7, and August 7, 2023.  (*See* Docs. 348-1, 349-1.)  The warden did not respond.  Alvarado has therefore exhausted his administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including "medical circumstances of the defendant." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1). Specific examples include circumstances where a defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id*. § 1B1.13(b)(1)(C). The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Alvarado's severe aortic stenosis is an extraordinary and compelling reason to warrant early release. It is well established that the condition has a low survival rate if left untreated. *See UNC Heart Valve Clinic: Aortic Valve Disease*, UNC School of Medicine, https://perma.cc/7YCW-V6TT (last visited Dec. 14, 2023) (average life expectancy is only one to two years). Alvarado received a positive diagnosis for severe aortic stenosis through heart catheterization on March 27, 2023. (Doc. 341.) The record indicates that Alvarado needs surgery to replace his aortic valve. (Docs. 341 at 8, 349-1 at 13.) The government asserts that surgery is not urgent, and it is correct. However, the record also reflects that valve replacement is the only treatment considered by the treating physician and needs to

be done.  (Doc. 341 at 8.)  Section 1B1.13(b)(1)(C) is applicable to Alvarado's condition because he is at serious risk of death if he does not receive a valve replacement, given that the survival rate for untreated aortic stenosis decreases significantly after two years.

Although rehabilitation is not an independent extraordinary and compelling reason, Alvarado's past and current participation in educational and rehabilitative programs is commendable and is considered in combination with his medical circumstances.  U.S. Sent'g Guidelines Manual § 1B1.13(d).  Alvarado is enrolled in multiple educational courses and completed the offered drug education program.  (Doc. 349-1 at 16.)  Accordingly, Alvarado's aortic stenosis constitutes an extraordinary and compelling reason for compassionate release.

### III.  Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A).  To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a).  Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional

treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id*. § 3553(a)(4), (6).

Alvarado was involved in distributing large amounts of drugs in the Billings area, (*see* PSR ¶¶ 10–26), totaling over 92 pounds of methamphetamine, 2.13 kilograms of cocaine, and 808.75 grams of heroin, (*see id.* ¶ 28). Investigators also found numerous firearms upon execution of a search warrant that the defendant concedes were utilized while conducting drug transactions. (*Id.* ¶ 34.) Based on this conduct, Alvarado's statutory guideline range was ten years to life imprisonment. (*Id.* ¶ 81.) His extensive criminal history raised his guideline range significantly to 360 months to life imprisonment. (*Id.* ¶ 82.) Alvarado's criminal history is comprised mostly of auto theft and petty theft. (*Id.* ¶¶ 45–49.) He does not have a history of violent offenses and given his age, is unlikely to reoffend.

Alvarado was given a sentence at the low end of his guideline range rather than a term of life. (Doc. 133 (Judg.).) Thus, Alvarado's sentence was the lowest the Court could justify in light of his conduct. Alvarado is at risk of serious health deterioration or death, which demonstrates that his health conditions are progressing, and treatment is needed. However, releasing Alvarado at this time would denigrate the seriousness of his crimes and undermine respect for the law.

Alvarado has served over ten years for his drug related crime, and while the Court is sympathetic to his serious health condition, absent evidence that Alvarado cannot receive necessary treatment in a timely manner while in BOP custody, compassionate release is not warranted. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## Conclusion

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 348, 349) is DENIED.

DATED this 21st day of December, 2023.

*Susan P. Watters*
Susan P. Watters, District Judge
United States District Court