IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13–26–BLG–SPW–02 |
| Plaintiff, | |
| vs. | ORDER |
| TOMAS ALVARADO, | |
| Defendant. | |

On June 24, 2024, Defendant Tomas Alvarado filed his fifth motion under 18 U.S.C. § 3582(c)(1)(A) to reduce his 360-month federal drug sentence. (*See* Docs. 284, 320, 334, 348, 361; *see* Doc. 133 (Judg.).)  In response to his previous motions, this Court has consistently found that while Alvarado has shown extraordinary and compelling reasons for sentence reduction under USSG §1B1.13 due to his serious health issues, such a reduction is not warranted under the 18 U.S.C. § 3553(a) factors. (*See* Docs. 295, 329, 347, 351.)  In this latest motion, Alvarado argues that the calculus has changed because the Bureau of Prisons ("BOP") has ignored his serious health issues, and he has received no medical attention despite his heart condition. (*See* Doc. 363.)  The government was therefore ordered to provide Alvarado's BOP medical records from January 2023 to July 2024. (*See* Doc. 364.)  They have done so. (*See* Docs. 365-1, 365-2.)

1

Those records indicate that Alvarado has received consistent care over the last two years. In March 2023, he was taken to the Willamette Vally Medical Center to undergo a procedure related to his "severe aortic valve stenosis." (Doc. 365-1 at 73.) Doctors intended to perform a "[r]ight heart catheterization, left heart catheterization, ascending aortogram and selective coronary arteriography," but, during that procedure, discovered "a lot of disease in the iliac artery" and therefore decided "not to place the closure device in." (*Id.*) In the assessment following the procedure, the doctor stated:

> At this point we'll just need to sort out our best therapeutic option. To me we can do standard overhead heart surgery and aortic valve replacement. We could do a limited surgery up for valve replacement. The third option would be to do transaortic valve replacement. May be a bit tricky with his disease in his iliac arteries. *At the moment we'll just stay the course of medicines and. He doesn't need urgent valve surgery. However a heart that surgery done at some point.*[1]

(*Id.* at 74 (emphasis added).) Although Alvarado was subsequently transferred to a different facility, each transfer document indicates that a "[c]ardiologist recommends evaluation by cardiothoracic surgeon for surgical repair of aortic stenosis." (*See id.* at 28, 31, 34.)

On July 27, 2023, Alvarado underwent a 14-day assessment that set November 2023 as a "target date" for an onsite cardiology consult. (*Id.* at 2.)

---

[1] The text is taken verbatim from the medical records that were dictated and transcribed electronically.

While the records do not show a November 2023 medical visit, in April 2024, a notation indicates that medical staff realized Alvarado had not yet seen cardiology for his valve replacement issue. (Doc. 365-2 at 7.) That April 2024 record states: "We will try to expedite." (*Id.*) Most recently, on June 28, 2024, Alvarado was seen at the Lompoc Valley Cardiovascular Center and it was recommended that he receive a further evaluation and assessment. (*See id.* at 64–65.) Thus, contrary to Alvarado's contention, the BOP is aware of his heart condition and taking steps to address it. Alvarado's records also reflect that he is consistently provided with necessary medication, (*see* Doc. 365-1 at 49; Doc. 365-2 at 27), and dental care, (*see* Doc. 365-1 at 53, 54, 56, 59, 62; Doc. 365-2 at 33, 35, 44, 46, 55, 59, 68, 69, 71).

Accordingly, IT IS ORDERED that Alvarado's motion for compassionate release (Doc. 361) is DENIED.

DATED this 27th day of August, 2024.

Susan P. Watters, District Judge
United States District Court

3